Jared O. Smith
Attorney at Law AZ  Bar # 010465
605 W. Main Street
Safford AZ 85546
jared.smith@azbar.org
(928) 428-4484
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Terry R. Lemley,**<br><br>           Plaintiff,<br><br>vs.<br><br>**Graham County**. a subdivision of the State of Arizona, **Danny Smith, James Palmer** and **Drew John**, in their official capacity as the Supervisors thereof ,<br><br>           Defendants. | NO.<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

## I.  PRELIMINARY STATEMENT

1. This is an action under  the Fair Labor Standards Act, to provide appropriate relief to the Plaintiff,  Terry R. Lemley as a result of the unlawful and wilful failure and refusal to pay overtime wages, and for retaliation against him for his complaints concerning unpaid overtime compensation.

## II.  JURISDICTION

2.  This action is brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C.§201 *et seq.*.

3.  Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, and 1337.

### III.  VENUE

4.  Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(b) because the events or omissions giving rise to the claim occurred in or near Safford, in Graham County, State of Arizona.

### IV.  PARTIES

5.  Plaintiff, Terry R. Lemley, is a resident of Greenlee County, Arizona, and a former employee of Graham County at the Eastern Arizona Regional Juvenile Detention Facility (hereinafter "EARJDF") in Safford, Graham County, Arizona.

6.  Defendant Graham County is a political subdivision of the State of Arizona. and as such is an employer subject to the proscriptions and remedial provisions of the Fair Labor Standards Act.  Danny Smith, James Palmer and Drew John, are members of the Board of Supervisors of Graham County and are sued in their official capacity only.

### V. GENERAL ALLEGATIONS

7.  The plaintiff, Mr. Lemley, first began employment with the Defendant on August 1, 2000, which continued through the effective date of his resignation on September 23, 2010.

8.  Lemley began work as a detention officer, was promoted to a Sergeant position, and was eventually promoted to a Lieutenant position.

9.  Lemley was hired under a policy which provided that an exempt employee who

is required to work extra hours in unusual circumstances, may be authorized management leave time on an hour-for-hour basis for each extra hour worked, but was rarely allowed to take management leave time.

10. During the course of his employment, Lemley worked 1,332 hours above and beyond a 40 hour week.

11. During the course of his employment, a significant portion of Mr. Lemley's work has consisted in conducting investigations and inspections, performing the duties of subordinate staff, maintaining custody of detainees and directly participating in detainee programming, case management, and transportation of detainees and other duties normally carried out by correctional officers and similar employees who perform work such as preventing or detecting crimes; conducting investigations or inspections for violations of law; performing surveillance; restraining suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports; and other similar work performed by those who are protected by the minimum wage and overtime provisions of the FLSA.

12. On or about May 29, 2010 Mr. Lemley submitted a formal complaint of unpaid compensation for overtime hours he had worked to Respondent's Administrator, Charles Gatwood.

13. On August 8, 2010, Mr. Lemley filed a formal complaint of unpaid overtime

work with Defendant's County Manager, Terry Cooper.

14.  On or about September 1, 2010, Mr. Lemley was instructed not to return to work for the remainder of the week, but was specifically prohibited from taking the time off as management leave time.

15.  On September 8, 2010, Mr. Lemley submitted a notice of his intent to resign because of his constructive discharge from his employment with Graham County, effective September 23, 2010.

16.  When Lemley resigned effective September 23, 2010, Defendants failed or refused to pay him for the overtime hours he had accrued and had not been allowed to take as management leave.

17. On June 6, 2011, Mr. Lemley filed suit in the United States District Court for the District of Arizona Cause No CV 11-338 TUC-JGZ, wherein he complained of not being paid for the many hours of overtime which had accrued during his employment.

18.  On or about late March or early April of 2013,  Mr. Lemley applied for employment as a detention officer at the Defendants' jail, and as a courtroom security officer at the Defendants' courthouse.

19. Mr. Lemley's inquiries concerning his application for employment were never responded to, and he has not yet been hired or his applications for employment acknowledged in any way.

20.  The unlawful practices complained of were willful.

## VI. CAUSES OF ACTION,

## COUNT ONE

### (Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act)

21. Plaintiff incorporates as if realleged Paragraphs 1 through 11,15, 16 and 20.

22. By its actions and omissions, Graham County failed or refused to pay overtime compensation due to the Plaintiff.

## VI. CAUSE OF ACTION, RETALIATION

23. Plaintiff incorporates as if realleged Paragraphs 1 through 20.

24. By its actions and omissions, Graham County engaged in unlawful retaliation against the Plaintiff in violation of section U.S.C. §215(a)(3).

## IX. RELIEF SOUGHT

WHEREFORE, Plaintiff requests judgment against defendants as follows:

As to Count One:

A. For an award of damages of unpaid overtime, plus an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

B. For an award of Plaintiff's reasonable attorneys' fees and costs; and

C. For an award of pre and post judgment interest on all compensation due. For compensatory damages.

As to Count Two

A. For compensatory damages arising out of Defendant's retaliation;

B. For an award of Plaintiff's reasonable attorneys' fees and costs; and

C. For an award of pre and post judgment interest on all compensation due.

D. For appropriate back pay in amounts to be determined at trial and prejudgment interest.

E. For such other and further relief as the court may deem just and proper under applicable law.

**X. JURY DEMAND**

Plaintiff demands trial by jury to the extent allowed by law.

Dated: September 23, 2013.

                               Respectfully submitted,

                               <u>s/Jared O. Smith</u>
                               JARED O. SMITH
                               605 W. Main Street
                               Safford, Arizona 85546
                               Attorney for Plaintiff